668

## 25320. HARRIS, adm'x, *v.* SOUTHERN RAILWAY COMPANY.

DECIDED JULY 9, 1936.

*Hewlett & Dennis, W. B. Mebane,* for plaintiff.
*Maddox, Mathews & Owens,* for defendant.

MACINTYRE, J. The plaintiff excepted to the sustaining of general and special demurrers to her action, under the Federal employer's liability act, for damages for the death of her husband, alleged to have been caused by the defendant. Her petition sets forth that on May 16, 1934, the deceased was engaged as a brakeman on one of the defendant's trains running between Chattanooga, Tenn., and Atlanta, Ga. At Plainville, Ga., deceased's train, coming south, took a side-track to permit a northbound passenger-train of defendant to pass. It was the duty of the deceased, among others, to throw switches, to give signals with a lantern, and to observe and watch the entire train and inspect it at stops. He was a forward switchman, which made it his duty to throw the south switch when his train started to Atlanta. He walked down the track in front of the train for this purpose, and when approximately twenty-five feet in front of his engine he suddenly became sick and fell unconscious on the track. On the approach of the defendant's passenger-train from the south, its fireman, E. E. Roberts, "when at least one hundred yards south of the engine of the freight-train, saw and observed petitioner's intestate lying upon said side-track." He was unconscious, and the

forward movement of the freight-train for about thirty feet would occasion his death. "Defendant's said fireman knew that petitioner's intestate was a member of the crew of said freight-train which would move southwardly when the passenger-train would pass by, and in the exercise of ordinary care he should have known and appreciated the extreme peril that the petitioner's intestate was subjected to, since he observed that he showed no signs of consciousness as the passenger-train went by. . . That, to trainmen in charge of a train standing upon the side-track as was train Number 51, the giving of a series of short blasts from the whistle of a passing engine is a well-recognized signal of danger, and such a signal if given would have caused those in charge of said train, in the exercise of ordinary care, to hold the same in a standing position until those giving the danger-signal had had a reasonable time to communicate with them." Said fireman failed to take any steps to warn the members of the crew of the freight-train by such signal. "That said freight-train did remain standing in its position for at least two minutes after the passenger-train passed, and in that intervening time the engineer of the passenger-train, had he been informed of said facts, would have had sufficient time to stop his train, and warning could have been given to the crew of the freight-train of the perilous situation of petitioner's intestate as aforesaid, and thereby the casualty could have been averted."

Did the court err in sustaining the general demurrer and dismissing the petition? We think not. The deceased was an employee of the railroad company on one of its trains headed southwardly from Chattanooga to Atlanta, and in the exercise of his duty of walking ahead of his train, which was then stationary on a side-track, to throw the switch so that his train might re-enter the main line. After the passage of a northbound passenger-train, he fell unconscious on the track about twenty-five feet in front of the engine. It is alleged that the fireman on the northbound passenger-train when about one hundred yards from the freight-train, saw the deceased lying on the track, and "in the exercise of ordinary care . he should have known and appreciated the extreme peril that the petitioner's intestate was subjected to, since he observed that he showed no signs of consciousness as the passenger-train went by." The claim of liability against defendant is the failure of this fireman to give a certain "well-known signal of

danger," which would have caused the engineer of the freight-train to keep his train stationary until the fireman could have communicated with him. We may concede, but only for the purpose of this decision, that if the fireman, himself an employee of the defendant, actually knew, or was actually presented with facts from which he should have known, that if warning were not given of the deceased's position to those in charge of the freight-train he would be killed or possibly injured, and, if the fireman failed to give the warning, that the company would be liable for his omission and neglect; yet the *facts* alleged in the petition are not sufficient to show that he did know or could reasonably have anticipated that the deceased was in actual danger of his life, so as to require action on his part. The allegation that "he should have known and appreciated the extreme peril that petitioner's intestate was subjected to, since he observed that he showed no signs of consciousness as the passenger-train went by," is certainly nothing but a mere conclusion of the pleader, without any facts on which to base it. There is no allegation that the condition of the deceased could not be seen by those in charge of the freight-train; nor is it charged that the fireman knew that he could not be seen. If the deceased could have been seen by the engineer of the freight-train, and construing the petition most strongly against the pleader it is to be assumed that by a proper lookout he could have seen the deceased, then if any negligence was committed it was by the engineer. Nor do we think that under such circumstances the fireman's omission to act could be termed negligence, or, if it could, that it could be considered the proximate cause of the injury. If it had been alleged that because of certain facts the engineer of the freight-train could not see the deceased and that the fireman of the passenger-train knew this, or in the exercise of ordinary care should have known it, then it might be that a different case would be presented. However, we do not think the allegations of the petition set out any cause of action against the defendant by reason of any neglect on the part of the fireman in his omission to give to those in charge of the freight-train warning signals of the situation of deceased.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*